ROBINSON *v.* DOVER & STATESBORO R. R. CO.

A railroad company whose line is the last of two or more connecting railroads operated by different companies cannot as a condition precedent to the delivery of an article of freight to a consignee exact from him the payment of freight charges advanced by it to a preceding company upon another article of freight shipped to the same consignee and which was destroyed while on the line of the company last mentioned and never delivered to the consignee at all.

August 3, 1896.

*Certiorari.* Before Judge Gamble. Bulloch superior court. October term, 1895.

*H. B. Strange,* for plaintiff.

*Groover & Johnston* and *J. A. Brannen,* for defendant.

ATKINSON, Justice.

The plaintiff brought an action against the Dover & Statesboro Railroad Company for damages for a refusal to deliver certain goods which had been consigned to him over the line of road of the defendant company. The defendant undertook to justify its refusal to deliver, upon the ground that the plaintiff had refused to pay certain freight charges alleged to be by him due to it, claiming a

lien upon the goods in its possession to cover such freight charges. Upon the trial the following facts appeared: A single shipment of two carboys of sulphuric acid was made from Atlanta, consigned to the plaintiff at Statesboro, by the Central Railroad. While in possession of that road, one of the carboys was broken. It delivered the other to the Dover & Statesboro Railroad, the terminal carrier, which carried it to Statesboro. There plaintiff called on the agent of that road for the acid, and the agent informed him there was only one carboy; that the other had been broken at Dover by the Central Railroad; that in order to get the unbroken one, he must pay the freight on both carboys from Atlanta to Dover, and the freight on one from Dover to Statesboro; that the Central's charges, including the freight on the broken carboy, had been paid to it by the Dover & Statesboro Railroad Company, and plaintiff must pay the same, and make claim for it. Plaintiff refused to do this, but tendered the freight on the one carboy, and demanded its delivery, informing the agent that it was needed in plaintiff's business. This was refused, but after the lapse of six days the agent informed plaintiff that he could get the carboy as he had offered to do. By this delay plaintiff suffered damages in an amount proved, and for which he sued the Dover & Statesboro Railroad Company. The agent testified: We make daily settlements with the Central, and we had paid this bill when plaintiff called first for freight. This is our custom, and I held the carboy for what we had earned and paid out. The Central would not have delivered the one carboy without the freight on both being paid, and I held the carboy for the freight. To the question why he delivered the carboy without collecting freight on both, he answered, that he was instructed to deliver it, the Central having instructed the Dover & Statesboro that it would refund the freight paid it on the broken carboy. There

was a verdict for plaintiff, and *certiorari* sued out by defendant was sustained, to which plaintiff excepted.

By section 2077 of the code, "The carrier has a lien on the goods for the freight, and may retain possession until it is paid, unless this right is waived by special contract, or actual delivery. This lien exists only when the carrier has complied with his contract as to transportation." Upon the carboy of sulphuric acid actually delivered the carrier was entitled to a lien for the amount of freight charges due, but the lien for freight charges attaches only to the goods upon which the freight is actually due. The consignee tendered the amount of freight charges upon the article of freight actually transported by the defendant, and was thereupon entitled to receive it, and inasmuch as no lien for freight due upon other goods attached to the specific article demanded, it could not lawfully withhold from the consignee the possession of such article, nor could the mere fact that it had voluntarily paid to the connecting line the freight due upon the article lost give it a lien for such sum upon the goods finally transported by it to the consignee. As to the carboy lost, neither it nor the connecting line had completed the contract of carriage, and, therefore, no lien for freight could arise in favor of either company against the consignee for charges upon the goods which were lost.

The evidence supported the verdict, and the trial judge erred in sustaining the *certiorari*. *Judgment reversed.*